972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Jamal SOLOMON, Defendant-Appellant.
 No. 92-5114.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 19, 1992
Decided: August 24, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-91-210-G)
 ARGUED: Robert Lynn McClellan, Ivey, Ivey, McClellan & Gatton, Greensboro, North Carolina, for Appellant.
 Robert Michael Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 ON BRIEF: Kevin W. Whiteheart, Ivey, Ivey, McClellan & Gatton, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Jamal Solomon appeals his conviction on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. We affirm.
 
 I.
 
 2
 Pretrial motions brought to light a prior perjury conviction in a Maryland state court that involved an offense committed when Solomon was seventeen years old. The district court ruled in limine that evidence of this conviction would be admissible to impeach Solomon. Solomon's sole defense at trial was that he did not know how 47.1 grams of crack cocaine found its way into his luggage. He testified, and on cross-examination the government elicited evidence of the perjury conviction. Solomon was convicted and now appeals.
 
 II.
 
 3
 Solomon argues that the district court erred in admitting evidence of a conviction for a crime committed before his eighteenth birthday. The relevant portions of the federal rules of evidence provide:
 
 
 4
 Rule 609. Impeachment by Evidence of Conviction of Crime
 
 
 5
 (a) General rule. For the purpose of attacking the credibility of a witness
 
 
 6
 (1) evidence that the witness other than the accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the evidence that an accused has been convicted of such a crime determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
 
 
 7
 (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
 
 
 
 ***
 
 
 
 
 8
 (d) Juvenile adjudications. Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.
 
 
 9
 Solomon concedes that the juvenile court's jurisdiction was waived upon motion of the State and that conviction and sentence were by the adult court. The thrust of his argument is that he was, under Maryland law, a "child" at the time of the offense, conviction and sentence,[1] and, therefore, his perjury conviction qualifies as a "juvenile adjudication" within F.R.Evid. 609(d). At issue is the interplay of Maryland's treatment of juvenile offenders and the federal rules governing the admissibility of evidence.
 
 
 10
 The conviction at issue is not a "juvenile adjudication" in the usual sense of the term. See United States v. Ashley, 569 F.2d 975, 978 (5th Cir.) (Rule 609(d) "refers only to a finding of the status of delinquency and does not refer to all proceedings involving youthful offenders."), cert. denied, 439 U.S. 853 (1978). Solomon does not argue otherwise. Rather, he points to various state statutory protections for children,[2] and attempts to incorporate these protections into the federal rules of evidence. The attempt is unsuccessful.
 
 
 11
 The essential and inescapable fact is that Solomon was tried for perjury as an adult. This ends our inquiry; Rule 609(a) requires us to go no further, and 609(d) is not relevant. United States v. Lipscomb, 702 F.2d 1049, 1053 n. 10 (D.C. Cir. 1983) (en banc). No doubt every state has its own panoply of laws aimed at the protection of children, but the rules of evidence are not grounded in similar concerns. There is no indication that Solomon did not receive all the protections accorded other juveniles transferred to adult status in Maryland.
 
 AFFIRMED
 
 
 [1]
 Md. Cts. & Jud. Proc. Code Ann. § 3-801(d) (Michie's 1989 Repl. Vol.), defines "child" as "a person under 18 years of age."
 
 
 [2]
 For example, Md. Ct. & Jud. Proc. Code Ann. § 3-824(b)(1) provides that "an adjudication and disposition of a child pursuant to this subtitle [§ 3801 et seq.] are not admissible as evidence against the child ... in any criminal proceeding prior to conviction...."